1
2
3
4
5
6

### IN THE UNITED STATES DISTRICT COURT FOR THE

### EASTERN DISTRICT OF CALIFORNIA

7
8

| | |
|---|---|
| **YANG PAO VANG,** ) | **1:11-CV-1126  AWI SKO** |
| ) | |
| **Plaintiff**, ) | |
| **v.** ) | **ORDER ON DEFENDANT'S** |
| ) | **MOTION TO DISMISS** |
| **EQUABLE ASCENT FINANCIAL, LLC** ) | |
| ) | |
| **Defendant.** ) | (Doc. No. 7) |
| ) | |

9
10
11
12
13
14

15      Pro per Plaintiff Yang Pao Vang ("Vang") filed suit against Defendant Equable Ascent

16 Financial, LLC ("Equable") for violation of the15 U.S.C. § 1692g(b) of the Fair Debt Collection

17 Practices Act ("FDCPA").  Equable removed the case from the Fresno County Small Claims

18 Court on the basis of federal question jurisdiction.  Equable now moves to dismiss the Complaint

19 under Rule 12(b)(6).  For the reasons that follow, the motion to dismiss will be granted.

20

21                          **COMPLAINT'S ALLEGATIONS**

22      The Complaint in this case is a form complaint provided by the Small Claims Court.  The

23 Complaint identifies Vang and Equable as the parties.  The Complaint seeks $1,000 based on the

24 "consumer protection afforded by the FDCPA."  The only other helpful information in the

25 complaint is under the section, "Why does the Defendant owe the Plaintiff money?"  Under this

26 section, the Complaint reads: "Equable . . . have not validated the debt which they claim I owed

27 and still continue to report to the credit bureaus.  Violation of the FDCPA Section 809(b), [15

28 USC 1692g]."

1

**LEGAL FRAMEWORK**

2    Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the

3    plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A

4    dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the

5    absence of sufficient facts alleged under a cognizable legal theory.  Johnson v. Riverside

6    Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th

7    Cir. 2001).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are

8    taken as true and construed in the light most favorable to the non-moving party.  Marceau v.

9    Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075,

10   1077 (9th Cir. 1999).  However, the Court is not required "to accept as true allegations that are

11   merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead

12   Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266

13   F.3d 979, 988 (9th Cir. 2001).  Legal conclusions are not accepted as true, and "[t]hreadbare

14   recitals of elements of a cause of action, supported by mere conclusory statements, do not

15   suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009); see also Warren v. Fox Family

16   Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).  To "avoid a Rule 12(b)(6) dismissal, "a

17   complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

18   plausible on its face."  Iqbal, 129 S.Ct. at 1949; see Bell Atl. Corp. v. Twombly, 550 U.S. 544,

19   555, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that

20   allows the court draw the reasonable inference that the defendant is liable for the misconduct

21   alleged."  Iqbal, 129 S.Ct. at 1949.  That is, "for a complaint to survive a motion to dismiss, the

22   non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly

23   suggestive of a claim entitling the plaintiff to relief."  Moss v. United States Secret Serv., 572

24   F.3d 962, 969 (9th Cir. 2009).  If a Rule 12(b)(6) motion is granted, leave to amend should be

25   granted, "even if no request to amend the pleading was made, unless it determines that the

26   pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d

27   1122, 1127 (9th Cir. 2000) (en banc).  In other words, leave to amend need not be granted where

28   amendment would be futile.  Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

1          **DEFENDANT'S MOTION**

2          Equable argues that the Complaint does not state a claim because: (1) the Complaint does

3     not allege that Equable is a "debt collector," or that Vang is a "consumer," or that Equable is

4     attempting to collect a "debt" as those terms are defined by the FDCPA; and (2) § 1692g(b) only

5     applies when a debt collector receives a written notice from the consumer that disputes the debt,

6     but there is no allegation that a written notice was submitted.

7          Vang filed no opposition or response of any kind.

8          *Legal Standard*

9          In pertinent part, 15 U.S.C. § 1692g reads:

10         If the *consumer* notifies the *debt collector* in writing within the thirty-day period
           described in subsection (a)[1] that the *debt*, or any portion thereof, is disputed, or
11         that the consumer requests the name and address of the original creditor, the debt
           collector shall cease collection of the debt, or any disputed portion thereof, until
12         the debt collector obtains verification of the debt or a copy of a judgment, or the
           name and address of the original creditor, and a copy of such verification or
13         judgment, or name and address of the original creditor, is mailed to the consumer
           by the debt collector.
14
15     15 U.S.C. § 1692g(b) (emphasis added); Mahon v. Credit Bureau, Inc., 171 F.3d 1197, 1202 n.4

16     (9th Cir. 1999).  Accordingly, this section "requires a *debt collector*, who receives from a

17     *consumer* written notice disputing a *debt*, to cease collection of the debt directly from the

18     consumer until it has obtained either verification of the debt or a copy of a judgment and

19     provided it to the consumer."  Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 934 (9th Cir.

20     2007) (emphasis added); Mahon, 171 F.3d at 1202.  However, "[i]f no written demand is made,

21     the collector may assume the debt to be valid."  Mahon, 171 F.3d at 1202; cf. In re Sanchez, 173

22     F.Supp.2d 1029, 1034 n.1 (N.D. Cal. 2001).

23         Under the FDCPA, the "term 'consumer' means any natural person obligated or allegedly

24     obligated to pay any debt."  15 U.S.C. § 1692a(3).  "The term 'debt' means any obligation or

25     alleged obligation of a consumer to pay money arising out of a transaction in which the money,

26     property, insurance, or services which are the subject of the transaction are primarily for

27         [1]The 30 day period of subsection (a) is 30 days from the date that a consumer receives written notice of the
28     amount of the debt and the name of the creditor from the debt collector, following a debt collector's initial
       communications with the consumer.  See 15 U.S.C. § 1692g(a).

1  personal, family, or household purposes . . . ."  15 U.S.C. § 1692a(5).  Accordingly, the FDCPA

2  applies to consumer debts, but not to business loans.  Slenk v. Transworld Sys., Inc., 236 F.3d

3  1072, 1074 (9th Cir. 2001).  The FDCPA's definition of the term 'debt collector' includes a

4  person "who regularly collects or attempts to collect, directly or indirectly, debts owed [to] . . .

5  another."  15 U.S.C. § 1692a(6);[2] Heintz v. Jenkins, 514 U.S. 291, 293 (1995).

6      *Discussion*

7      Dismissal of the Complaint is appropriate.  As Equable correctly argues, the Complaint

8  does not contain basic allegations required by the FDCPA.  The Complaint does not allege that

9  Vang is a "consumer," as defined by the FDCPA.  See 15 U.S.C. § 1692a(3); Robinson v.

10  Managed Accounts Receivable Corp., 654 F.Supp.2d 1051, 1057 (C.D. Cal. 2009).  The

11  Complaint does not allege that Equable is a "debt collector," as defined by the FDCPA.  See 15

12  U.S.C. §§ 1692a(6), 1692g; Guerrero, 499 F.3d at 934; Robinson, 654 F.Supp.2d at 1057.  The

13  Complaint does not allege that a "debt," as defined by the FDCPA, is involved.  See 15 U.S.C.

14  §§ 1692a(5), 1692g; Guerrero, 499 F.3d at 934; Narog v. Certegy Check Servs., 759 F. Supp. 2d

15

16      [2]The full definition of the term "debt collector" under 15 U.S.C. § 1692a(6) is:

17  The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any
    business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect,
18  directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion
    provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of
19  collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or
    attempting to collect such debts. For the purpose of section 808(6) [15 USCS § 1692f(6)], such term also includes
20  any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of
    which is the enforcement of security interests. The term does not include--
21  (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;
    (B) any person while acting as a debt collector for another person, both of whom are related by common ownership
22  or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so
    related or affiliated and if the principal business of such person is not the collection of debts;
23  (C) any officer or employee of the United States or any State to the extent that collecting or attempting to collect any
    debt is in the performance of his official duties;
24  (D) any person while serving or attempting to serve legal process on any other person in connection with the judicial
    enforcement of any debt;
25  (E) any nonprofit organization which, at the request of consumers, performs bona fide consumer credit counseling
    and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing
26  such amounts to creditors; and
    (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the
27  extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii)
    concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was
28  obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit
    transaction involving the creditor.

1   1189, 1193 (N.D. Cal. 2011).

2      Further, Vang is attempting to allege a violation of § 1692g(b)'s verification requirement.

3   However, there is no allegation that Vang submitted a written notice that disputed the debt within

4   30 days of receiving notice of the debt from Equable.  See 15 U.S.C. § 1692g(b).  Without the

5   written notice from Vang, § 1692g(b)'s protections do not apply.  See id.; Mahon, 171 F.3d at

6   1202; Sanchez, 173 F.Supp.2d at 1034 n.1.  The Complaint does not plead a viable claim.

7

8                                    **CONCLUSION**

9      Dismissal is of the Complaint is appropriate.  The Complaint does not contain factual

10  allegations that show that timely written notice under § 1692g(b) was sent by Vang.  Further, the

11  Complaint does not contain allegations that meet the FDCPA's definition of "consumer," "debt

12  collector," or "debt."  The failure to include these factual allegations is fatal to the Complaint.

13  See Iqbal, 129 S.Ct. at 1949-50.  Vang's failure to meet the federal pleading standards is

14  understandable, since this case was filed in the Fresno County Small Claims Court.  Although no

15  opposition was filed, it is not clear that amendment would be futile.  The Court therefore will

16  grant Vang leave to file an amended complaint that corrects the deficiencies identified above.

17

18      Accordingly, IT IS HEREBY ORDERED that:

19  1.   Defendant's motion to dismiss is GRANTED and the Complaint is DISMISSED;

20  2.   Plaintiff may file an amended complaint within twenty (20) days of service of this order;

21       and

22  3.   Since Plaintiff failed to respond in any way to the motion to dismiss (which is a violation

23       of Local Rule 230(c)), Plaintiff is forewarned that the failure to file a timely amended

24       complaint will result in the withdrawal of leave to amend and the closing of this case

25       without further notice.

26  IT IS SO ORDERED.

27

    Dated:    August 30, 2011                    _____

28                                               CHIEF UNITED STATES DISTRICT JUDGE